NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASWINDER KAUR; J. S.; R. K., | No. 25-2512 |
| Petitioners, | Agency Nos.<br>A243-086-228 |
| v. | A243-086-229<br>A243-086-230 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Jaswinder Kaur (Kaur) petitions for review of the Board of Immigration

Appeals' (BIA) order dismissing her appeal of an Immigration Judge's (IJ) denial

of Kaur's application for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT) based on an adverse credibility finding. [1] We deny the petition.

"We review the agency's factual findings, including credibility determinations, for substantial evidence. . . ." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation omitted). "When the BIA agrees with the IJ's decision, we consider both decisions." *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025) (citation omitted).

**1.** Substantial evidence supports the IJ's adverse credibility determination. The declaration Kaur filed with her initial asylum application omitted that her husband was arrested and beaten by the police in India in 2009 and 2013. Although Kaur included her husband's 2014 arrest in this declaration, she omitted important details including that he was beaten and tortured until "almost half-dead," and that the police threatened to "take him straight to the bank of a canal and shoot him" if he did not leave the Mann Party. Kaur's explanation for these omissions was that her first counsel advised her to omit these details. But this explanation is not reasonable because Kaur could not explain why her counsel would recommend omitting these key details, and Kaur did not file a bar complaint against him.

---

[1] Kaur filed her application on behalf of herself and derivative claims for her two minor children, J.S. and R.K. J.S. and R.K. filed their own separate applications, which were based on the same facts as Kaur's application.

25-2512

"[O]missions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application. . . ." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) (citation omitted). Kaur's amended declaration and testimony "tell a much different—and more compelling—story of persecution than [her] initial application." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). And the additional, graphic details of Kaur's husband's 2014 arrest are the "type of later embellishment [that] reflects poorly on a petitioner's credibility." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022).

Kaur's amended declaration was also inconsistent with her testimony because it describes her husband's 2013 arrest in the first person, implying that Kaur was the one who was arrested and beaten. Kaur's explanation that this was a transcription error mixing her husband's narrative with her own is not convincing. The declaration is internally inconsistent with this explanation because it also states "my husband's brother" gave a bribe to the police, "and got me released." And Kaur affirmed that she had reviewed her declaration, understood its contents, and verified its accuracy.

Finally, Kaur's unresponsive demeanor supports the adverse credibility determination. An applicant's unresponsiveness may support an adverse credibility determination, so long as the agency "identif[ies] specific instances,

25-2512

supported by the record, where the petitioner did not respond." *Iman*, 972 F.3d at 1065 (citation omitted). The BIA referenced Kaur's failure to respond to questioning regarding whether she instructed her brother-in-law on what to write in his affidavit, and why Kaur omitted a police raid on her in-laws' house from her amended declaration. Despite being asked two different ways whether she instructed her brother-in-law what to write, Kaur twice responded, "I did not understand the question." And in response to why she omitted the raid on her in-laws' house, Kaur initially said she didn't understand, and upon rephrasing said, "Because we've been here for two years. We feel very safe over here. We have our children over here." Together, these omissions, inconsistencies, and unresponsiveness support the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

2. Absent credible testimony, the remaining record does not compel a grant of CAT relief. Although the articles and country conditions reports identify generalized abuses towards Sikh activists, Kaur has "presented no actual, individualized evidence that [she] would be tortured by or with the acquiescence of the Indian government if [she] were removed to India." *Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025). Accordingly, substantial evidence supports the BIA's determination that Kaur was not entitled to CAT relief. *See id.*

**PETITION DENIED.**[2]

---

[2]     The motion for stay of removal (Dkt. # 5) is denied.